UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X

RAYMOND WRAY,

                              Plaintiff,

-against-

CITY OF NEW YORK, ET AL.,

                              Defendants.

------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

01 Civ. 4837 (BMC)(RER)

**COGAN**, District Judge.

This matter is before the Court upon defendants' appeal of the Clerk's denial of their application for a bill of costs $1991.00, consisting of transcript and copying costs. The Clerk's decision is modified to allow costs in the amount of $1685.00.

A district court reviews the clerk's taxation of costs by exercising its own discretion to "'decide the cost question [it]self.'" Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001) (quoting Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 233, 85 S.Ct. 411 (1964)). "The decision to award costs to a prevailing party under Fed. R. Civ. P. 54(d) rests within the sound discretion of the district court." LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (citations omitted). The generally applicable rule is that costs are to be awarded to the prevailing party, as Rule 54(d)(1) provides that cost awards in that situation are "as of course." "For this reason, the losing party has the burden to show that costs should not be imposed . . . ." Whitfield, 241 F.3d at 270.

Plaintiff concedes that defendants are prevailing parties. He appeals to the Court's discretion to depart from the applicable rule on three grounds: (1) plaintiff brought the action in good faith; (2) imposition of costs would chill other plaintiffs from seeking to enforce their civil rights; and (3) plaintiff is indigent.

There is no dispute that plaintiff brought the action in good faith, nor that he is indigent.[1] However, these factors alone are insufficient to overcome the usual rule of awarding costs to the prevailing party. See Whitfield, 241 F.3d at 270 (indigency *per se* does not automatically preclude an award of costs); Commer v. McEntee, No. 00 Civ. 7913, 2007 WL 2327065, *3 (S.D.N.Y. August 13, 2007) ("Whether an unsuccessful litigation was prosecuted in good faith is irrelevant . . . to whether costs should be awarded to a prevailing party."). Recognition of a "good faith" defense to an award of costs would introduce a culpability analysis like that in Rule 11 or Rule 37 that is pointedly absent from Rule 54(d)(1).

Nor does the concern about the deterrent effect that a costs award might have on commencing civil rights actions justify the disallowance of costs. Civil rights plaintiffs already have substantial protection against the possible financial consequences of an unsuccessful action through the narrow construction placed on 42 U.S.C. § 1988. Under that statute, while a prevailing civil rights plaintiff will almost always recover attorneys' fees, a prevailing civil rights defendant will obtain such a recovery only if the litigation is frivolous, unreasonable, or without foundation. See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421, 98 S.Ct. 694 (1978); Hughes v. Rowe, 449 U.S. 5, 14-15, 101 S.Ct. 173 (1980). Moreover, Congress has not sought to exclude civil rights cases from the reach of Rule 54(d)(1). It is thus not too much to ask any litigant, whether in a civil rights case or otherwise, to

---

[1] Defendants make the disingenuous argument that plaintiff is only "newly" indigent because he has been able to retain counsel up to this point. As plaintiff points out, and as defendants surely recognize, these kind of cases are generally brought on a contingent fee basis subject to the plaintiff prevailing and the Court ordering an award of fees.

2

appreciate his possible exposure for a relatively small amount of costs in making the decision whether to commence litigation in a federal court.

However, considering plaintiff's indigency, the Court will exercise its discretion under Rule 69(a) and N.Y. C.P.L.R. 5240 to prevent wasted collection efforts by defendants and unnecessary inconvenience to plaintiff. Execution on the bill of costs that the Clerk will enter is stayed for 30 days from the date of this Order so that the parties can stipulate to a payment plan that recognizes plaintiff's current situation and defendants' right to be paid at some point in the future when plaintiff is able. In the event the parties are unable to agree upon such a plan, the Court will impose one through the mechanism of modifying the timing and use of available execution methods. The parties are urged to resolve this consensually as further intervention by the Court may be satisfactory to neither side.

Finally, plaintiff asserts that defendants paid too much in copying and binding costs. Defendants have not contested this. The Court has recalculated these amounts as per plaintiff's estimates and reduced the amount awarded accordingly.

## CONCLUSION

The Clerk of Court is directed to enter a bill of costs in defendants' favor in the amount of $1685.00, consisting of $1355.00 for transcript costs and $330.00 for copying of papers. Execution on the bill of costs so entered is stayed for 30 days from the date upon which this Order appears on the ECF docket.

**SO ORDERED.**  /s/(BMC)

U.S.D.J.

Dated: Brooklyn, New York
October 3, 2007

3